IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDMUND S. LEE,                    )
                                  )
                Plaintiff,        )
                                  )
        v.                        )
                                  )   Civil Action No. 11-140J
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
                Defendant.        )

MEMORANDUM JUDGMENT ORDER

AND NOW, this __17th__ day of April, 2012, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support his findings and conclusions.

Plaintiff filed his DIB and SSI applications on July 2, 2007, alleging disability as of June 12, 2004, due to Crohn's Disease, acid reflux and degenerative disc disease. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on September 11, 2009. On January 7, 2010, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on April 29, 2011, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff, who has a college education, was 48 years old at the time of the ALJ's decision and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has past relevant work experience as an admissions representative, automobile salesman, airline reservations agent and account executive, but he has not engaged in substantial gainful activity at any time since his alleged onset date of disability.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that he is not disabled within the meaning of the Act. Although the medical evidence established that plaintiff suffers from the severe impairments of Crohn's Disease, status post repair of recurrent inguinal hernia, ulcerative colitis, mild degenerative disc disease of the cervical spine, regional enteritis/reflux, mild to moderate lumbar spine degenerative disc disease and spondylosis with no sign of canal stenosis, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of additional limitations. Plaintiff is limited to occasional walking and standing, and he must avoid kneeling, crouching, crawling and climbing ladders, rope and scaffolds. In addition, he requires the option to alternate sitting and standing for 1-2 minutes approximately every 15 minutes during the workday. Further, plaintiff is limited to occupations that allow brief, unscheduled access to a restroom during the workday and that can be performed wearing an incontinence protection pad (collectively, the "RFC Finding").

As a result of these limitations, the ALJ determined that plaintiff could not perform his past relevant work. However, based upon the vocational expert's testimony, the ALJ concluded

that plaintiff's age, educational background, work experience and residual functional capacity enable him to perform other work that exists in significant numbers in the national economy, such as a recreation aide, garment sorter or fruit cutter. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has promulgated regulations that incorporate a five-step sequential evaluation process for determining whether a claimant is disabled. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520(a)(4),

416.920(a)(4).  If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  Id.

In this case, plaintiff challenges the ALJ's findings at steps 3 and 5 of the sequential evaluation process.  At step 3, plaintiff argues that the ALJ erred by concluding that his impairments do not meet or equal any listing in Appendix 1. Further, plaintiff claims the ALJ's step 5 finding that he retains the residual functional capacity to perform work that exists in the national economy is not supported by substantial evidence. For reasons explained below, these arguments are without merit.

Plaintiff first challenges the ALJ's findings at step 3 of the sequential evaluation process.  At step 3, the ALJ must determine whether the claimant's impairments meet or equal one of the listed impairments.  Burnett v. Commissioner of Social Security Administration, 220 F.3d 112, 119 (3d Cir. 2000).  The listings describe impairments that prevent an adult, regardless of age, education or work experience, from performing any gainful activity.  20 C.F.R. §§404.1525(a), 416.925(a); Knepp v. Apfel, 204 F.3d 78, 85 (3d Cir. 2000).  "If the impairment is equivalent to a listed impairment, then [the claimant] is per se disabled and no further analysis is necessary."  Burnett, 220 F.3d at 119.

It is the ALJ's burden to identify the relevant listed impairment in the regulations that compares with the claimant's impairment.  Id. at 120 n.2.  However, it is the claimant's burden to present medical findings that show his impairment matches or is equivalent to a listed impairment.  Williams v. Sullivan, 970 F.2d

AO 72
(Rev. 8/82)

1178, 1186 (3d Cir. 1992).  In determining whether the claimant's impairment meets or equals a listed impairment, the ALJ must set forth the reasons for his decision.  <u>Burnett</u>, 220 F.2d at 119.

Here, plaintiff argues the ALJ erred in failing to find that he meets or equals listings under sections 1.00 (musculoskeletal system disorders), 5.00 (digestive system disorders) and 6.00 (genitourinary impairments).  Although plaintiff broadly claims that he meets one or more listings under these sections, he does not identify any specific listing he allegedly meets, nor does he cite any medical evidence to demonstrate that he satisfies all the requirements of a particular listing.

Contrary to plaintiff's contention, a review of the record establishes that the ALJ employed the appropriate analysis in arriving at his step 3 finding.  The ALJ analyzed the medical evidence of record and found that plaintiff suffers from Crohn's Disease, status post repair of recurrent inguinal hernia, ulcerative colitis, mild degenerative disc disease of the cervical spine, regional enteritis/reflux, mild to moderate lumbar spine degenerative disc disease and spondylosis with no sign of canal stenosis, all of which are severe impairments.  However, the ALJ determined that plaintiff's impairments, even when considered in combination,[1] do not meet or equal any listed impairment.  The ALJ

---

[1]Plaintiff is incorrect that the ALJ failed to consider his impairments in combination in determining that he is not disabled.  As part of the ALJ's step 3 finding, he explained that even when considered in combination, plaintiff's severe impairments do not meet or equal any listing.  (R. 17). Further, the ALJ considered all of plaintiff's impairments in combination in assessing his residual functional capacity, and subsequently finding him not disabled at step 5 of the sequential evaluation process.  (R. 18-22).

stated that he considered listings under sections 1.00 and 5.00, but he found that plaintiff's conditions do not satisfy all the criteria of any listing. (R. 17). The ALJ then explained why plaintiff's impairments do not meet or equal any listing. (R. 17-18).

The ALJ satisfied his burden; however, plaintiff failed to sustain his burden of showing that his impairments meet or equal a listing. Other than making a broad, unsubstantiated assertion that he meets or equals listings under sections 1.00, 5.00 and 6.00, plaintiff failed to demonstrate that the evidence of record supports his argument. Furthermore, the court notes that no medical source of record found that plaintiff's impairments meet or equal a listing. For these reasons, the court finds that the ALJ's step 3 finding is supported by substantial evidence.

The court likewise finds that the ALJ's step 5 finding is supported by substantial evidence. At step 5, the Commissioner must show there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity.[2] 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Here, plaintiff argues that the ALJ erred at step 5 because he

---

[2]Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider his ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

incorrectly assessed plaintiff's residual functional capacity. The court finds that this argument lacks merit.

Plaintiff claims that the ALJ's residual functional capacity assessment failed to account for his alleged difficulties with Crohn's Disease, irritable bowel syndrome, back pain and concentration. To the contrary, the ALJ's comprehensive RFC Finding incorporated all of plaintiff's functional limitations that the evidence of record supported, including accommodations for any alleged back pain and gastrointestinal problems. Indeed, the ALJ accounted for plaintiff's alleged pain by affording him a sit/stand option throughout the workday and by restricting him to light work that involves only occasional walking and standing, no kneeling, crouching, crawling and climbing ladders, rope and scaffolds. Further, the ALJ accounted for any alleged problems plaintiff experiences because of Crohn's Disease and irritable bowel syndrome by limiting him to occupations that allow brief, unscheduled access to a restroom during the workday and that can be performed wearing an incontinence protection pad. Finally, although plaintiff claims the ALJ failed to account for alleged concentration problems, he cites no medical evidence that indicates he has any such difficulties. For these reasons, the court finds that the ALJ properly assessed plaintiff's residual functional capacity.

In conclusion, after carefully and methodically considering all of the medical evidence of record, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The

ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Therefore, the decision of the Commissioner must be affirmed.

_____
Gustave Diamond
United States District Judge


cc:  J. Kirk Kling, Esq.
     630 Pleasant Valley Boulevard
     Suite B
     Altoona, PA 16602

     Stephanie L. Haines
     Assistant U.S. Attorney
     319 Washington Street
     Room 224, Penn Traffic Building
     Johnstown, PA 15901